**UNITED STATES of America ex rel. John and Jane DOE, Plaintiffs–Appellants,**

**v.**

**The NEW YORK STATE SCHOOL DISTRICTS, New York City Department of Education, Counties of New York State, Anderson Center for Autism, Boces Questar III, Genesee Valley/Wayne Finger Lakes Educational Technology Services, The Centris Group, Defendants–Appellees.**

**No. 14–1095–cv.**

United States Court of Appeals, Second Circuit.

March 11, 2015.

Philip B. Abramowitz (Andrew K. Cuddy, Jason H. Sterne, on the brief), Cuddy Law Firm, P.C., Auburn, NY, for Plaintiffs–Appellants.

Joseph V. Willey (Alessandra Denis, on the brief), Katten Muchin Rosenman LLP, New York, NY, Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY, for Defendants–Appellees.

Present: ROBERT A. KATZMANN, Chief Judge, JOHN M. WALKER, JR., GERARD E. LYNCH, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, and DECREED that the judgment of the district court is hereby **AFFIRMED.** The plaintiffs-appellants appeal from the district court's March 31, 2014 judgment, which dismissed their complaint. Plaintiffs, the parents of school-aged children with disabilities, al-lege that the defendants improperly billed Medicaid for case management ser-vices provided to disabled children. Plaintiffs assert relator claims under the False Claims Act, 31 U.S.C. §§ 3729–3733, challenging those allegedly fraudu-lent billing practices. We assume the parties' familiarity with the relevant facts, the procedural history of the case, and the issues presented for review.

Plaintiffs' sole argument on appeal is that the district court misread their allega-tion that the defendant school districts "failed to hold an [individualized education program ("IEP") ] meeting thirty days pri-or to billing Medicaid." J.A. 32–33 ¶ 63. The district court rejected this allegation because no statute· or regulation required defendants to submit bills within thirty days of an IEP meeting. Plaintiffs now contend that the allegation was intended to assert that no IEP meeting was ever held, because if it had been, the districts would have billed Medicaid within thirty days of an IEP meeting.

Plaintiffs failed to advance this interpre-tation of their complaint before the district court, despite the fact that the defendants explicitly argued in their motion to dismiss that there was no requirement that schools bill for IEP meetings within thirty days. Plaintiffs never clarified that they were not alleging a violation of a timing require-ment, but instead alleging that no IEP meetings had taken place at all. Nor did plaintiffs move for reconsideration based on the district court's supposed misreading of their complaint or amend their com-plaint to clarify their allegations, even though the district court dismissed their claims without prejudice.

"[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Greene v. United States,* 13 F.3d 577, 586 (2d Cir.1994) (per curiam). .Accordingly, we decline to consider plaintiffs' contention that the district court misread their com-plaint. The judgment of the district court is hereby **AFFIRMED.**.